# *Ex Parte* Mangeldorf.

## *Violating Oyster Law.*

(Decided February 12, 1914.   64 South. 598.)

CERTIORARI to Court of Appeals.

J. C. Mangeldorf was convicted of violating an act for the preservation of oysters and he appeals to the Court of Appeals, where the judgment of the lower court was affirmed, and he brings certiorari to review the judgment and action of the Court of Appeals. Writ denied.

For a report of this case before the Court of Appeals see 8 Ala. App. 302; 62 South. 373.

WEBB & MCALPINE, for petitioner. Counsel make the same insistence as made before the Court of Appeals.

R. C. BRICKELL, Attorney General, W. L. MARTIN, Assistant Attorney General, and FRANCIS J. INGE, for the State. Counsel cite *State v. Parker,* 5 Ala. App. 231; *Mangeldorf v. State,* 8 Ala. App. 302; as supporting the judgment of the Court of Appeals.

PER CURIAM.—The writ will be denied.

MAYFIELD, J.— (dissenting).—I cannot concur in this decision of denial of the writ of certiorari to the Court of Appeals. The case made by the record before us is this: The defendant, Mangeldorf, was prosecuted and convicted on an affidavit that, in my judgment, charged no offense or crime known to the criminal laws of Alabama. The affidavit was in words and figures as

3—185

follows: "The State of Alabama, County of Mobile. Personally appeared before me, F. W. Herrman, clerk of the inferior criminal court of Mobile' county, J. A. Joullian, who, on being sworn, deposes and says that he has probable cause for believing, and does believe, that within the last 12 months John C. Mangeldorf did fail and refuse to pay the tax of three cents per barrel on nineteen hundred and ninety-two barrels of oysters canned, packed, shipped or sold in and from this state, said act being contrary to law and against the peace and dignity of the state of Alabama, and prays for a warrant for the arrest of the said John C. Mangeldorf. J. A. Joullian. Sworn to and subscribed before me this 8th day of December, 1911. F. W. Herrman, Clerk of the Inferior Criminal Court of Mobile Co." This was not an offense at common law and, so far as I know, there is no statute which makes the act, or the omission, of failing to pay a tax, a crime.

It is claimed by the prosecution, and so held by the trial court, the Court of Appeals, and this court, that the act complained of was violative of an act of the Legislature of April 18, 1911 (Acts 1911, pp. 458-482). To this I cannot agree. I have searched the act carefully, and, if there is anything therein which makes the act complained of a crime, I must confess I cannot find it. How it can be claimed that the facts stated in this affidavit are made a specific crime by this statute I cannot understand. The only part of the act which can be said to make the facts alleged in the affidavit a crime, and the one upon which the Court of Appeals rests the prosecution, is as follows: "In addition to the privilege license or tax required in this act a further tax of three cents per barrel is hereby laid upon all oysters, canned, packed, shipped, or sold in and from this state, and on all oysters caught and taken from the public

reefs and private bedding grounds, for packing, canning, shipping or for sale. * * * The taxes hereby provided for in this section are to be levied and collected only when the oysters * * * are caught, canned, packed, or shipped for commercial purposes. This tax shall be paid by the person, firm, or corporation first marketing the oysters, * * * and any person who has purchased the same from a dealer who has paid the tax thereon shall not be taxed again." Section 41 of the act in question reads as follows: "That any person, firm or corporation violating any of the provisions of this act not otherwise specifically provided for shall be guilty of a misdemeanor and upon conviction shall be punished by a fine of not less than $10.00 nor more than $100.00 for each offense."

I cannot understand how it is possible to suppose that the Legislature intended to make the facts alleged in this affidavit a crime. If the facts stated in this affidavit constitute a crime, then it is probable that every man, woman, and child in the state of Alabama has committed the crime of which this defendant was charged and convicted. No wonder he was convicted; any man must be convicted who is put on trial on a similar affidavit, unless he can prove that he has paid "the tax of three cents per barrel on nineteen hundred and ninety-two barrels of oysters canned, packed, shipped, or sold in and from this state." There are probably not more than a dozen people who could escape conviction under such a charge, if it be a crime.

The affidavit does not show or attempt to show that the defendant was liable or under any duty to pay such a tax, or any like tax or amount. It shows only that he "failed and refused" to pay it. If he was not liable, and was under no duty to pay the tax, could he not lawfully fail and refuse to pay it? Must every person

in the state pay this tax or be guilty of a crime; does the act in question so provide? Is each person prima facie liable to the tax, and is the burden of proof on him to show that he is not liable or that he has paid it? So far as this affidavit is concerned, the defendant may never have owned, caught, canned, packed, shipped, sold, or seen or heard of one oyster, much less 1,992 barrels of oysters, yet he would be guilty as charged. Is such a thing possible under our law? I think not; and how the court can say that it is not only possible, but is a fact in this case, I cannot understand. It is a revelation to me in criminal procedure. This is certainly progress, if not revolution, in the annals of criminal law.

Under the charge made by the affidavit, it is not necessary that the person charged should be under any duty or liability, to pay the tax, not equally obligatory upon every other person—that is, to pay a tax of three cents per barrel on 1,992 barrels of oysters—or be guilty of a crime. The affidavit does not charge that the defendant caught, packed, shipped, sold or owned 1,992 barrels of oysters, on which he failed to pay the tax of three cents per barrel. It merely alleges that he failed and refused to pay such a tax, and was therefore guilty of a crime; that is, had committed an act against the peace and dignity of the state of Alabama. There is no attempt in the affidavit to charge that the oysters, the tax upon which the defendant was charged with failing to pay, were "caught, canned, packed, or shipped for commercial purposes." The tax of three cents per barrel is not required to be paid, unless the oysters are for commercial purposes; the statute expressly says that it is only when "caught, canned, packed, or shipped for commercial purposes" that they are liable to the tax. The statute says that "this tax shall be paid

by the person, firm or corporation first marketing the oysters." The affidavit or complaint does not allege that the defendant was the first person marketing the oysters in question. It does not allege that he or any other person ever marketed the oysters. The statute says: "Any person who has purchased the same from a dealer who has paid the tax thereon shall not be taxed again." The affidavit is wholly silent as to all these material facts.

If it can be said that all these things are immaterial and need not be alleged, then of course they need not be proven, and, if not, then nearly every person in the state is guilty of crime and escapes punishment only because he is not prosecuted under this statute. The affidavit in this case can be truthfully made against nearly every citizen in Alabama, and of course the charge could be proven, and could not be disputed. This, to my mind, is enough to conclusively show that the Court of Appeals and this court have made a grave error in the construction placed upon the statute in question.

It is probable that the Legislature could make it a crime to fail or refuse to pay a tax which was lawfully imposed; but it is certain that it has never been done in this state, unless it is done by the statute in question. And it does seem to me that before this, or any other statute, should be so construed, its language ought to plainly and clearly declare the law so to be.

I do not believe that any one can read the statute in question and say that such clearly appears to be the effect of it. It seems that the statute imposes only a civil liability to pay the three cents tax. It is possible that the Legislature intended to make it a crime to fail to pay this tax, but it is not at all probable; yet the court has held that the statute does make it a crime to fail to pay this tax of three cents per barrel for oysters market-

ed. This of course disregards the long-prevailing and well-established rules of construction of criminal statutes. It is in line with modern trend of thought, however, that any person who is accused of a crime, whether by affidavit or indictment, ought to be convicted and convicted speedily; and that appellate courts ought not to interfere with the edicts of progress.

But if it can be said that the statute makes it a crime to fail to pay this tax, should not the affidavit or indictment charging the offense follow the statute closely enough to allege that the defendant is liable for the tax? Surely, every person in the state is not required to pay the tax as a prerequisite to living in the state. Surely, the defendant or his agents must catch, ship, buy, sell, own, or in some way handle the oysters, before he becomes liable to be indicted and convicted for a failure to pay the tax! But if any offense is charged in this affidavit, none of these things are necessary to guilt for violation of the statute.

I cannot believe that the Legislature so intended; but if they did, I cannot think that our Constitution will permit their will to be effectuated.

I suppose that this defendant will say to my opinion what a certain prisoner said to his lawyer when informed that he could not be put in jail, "Yes, but you see I am in jail."

There are many other objections to this prosecution which, to my mind, conclusively show that this conviction ought not to have been had, and ought not to be allowed to stand; but if the one I have pointed out is not sufficient, I do not see how any other could be.

In my judgment, no charge of any crime has ever been preferred against this defendant, as required by the Constitution and the statutes regulating criminal prosecutions, the judgment of conviction is absolutely

void on its face, and this defendant ought to be discharged on habeas corpus proceedings, not to say on a direct appeal like this. If this prosecution, judgment, and conviction are allowed to stand (and it is so ordered) the question is pertinent, "Whither are we drifting?"

SAYRE, J.—(dissenting).—For reasons which it would do no good to state, but which seem to me to be entirely sufficient, I differ from the court in this respect only: I do not think the general provision of section 41 of the Oyster Law was intended by the Legislature to reach a case of the sort stated in the affidavit. I think the state's only remedy for the tax per barrel of oysters sold is by an action in the civil courts.